1  WILLIAM S. COATS (STATE BAR NO. 94864)
   THOMAS H. ZELLERBACH (STATE BAR NO. 154557)
2  VICKIE L. FEEMAN (STATE BAR NO. 177487)
   SUSAN L. MASETTI (STATE BAR NO. 190214)
3  PETER J. O'ROURKE (STATE BAR NO. 227164)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
4  1000 Marsh Road
   Menlo Park, CA  94025
5  Telephone:     650-614-7400
   Facsimile:     650-614-7401
6
   Attorneys for Defendant
7  Ellie Mae, Inc.

8
                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12
13  CALYX TECHNOLOGIES, INC., dba         Case No.  C04 01640 SI
    CALYX SOFTWARE, a California
14  Corporation,                          **DEFENDANT ELLIE MAE, INC.'S
                                          OPPOSITION TO PLAINTIFF CALYX
15              Plaintiff,                TECHNOLOGIES, INC.'S LETTER
                                          BRIEF REQUESTING EXPEDITED
16        v.                              DISCOVERY AND MODIFICATION
                                          TO PRELIMINARY INJUNCTION
17  ELLIE MAE, INC., a California Corporation,  BRIEFING SCHEDULE AND
                                          HEARING DATE**
18              Defendant.
                                          Date:    TBD
19                                        Time:    TBD
                                          Dept.:   Courtroom 10, 19th Floor
20                                        Judge:   Hon. Susan Illston

DOCSSV1:270048.3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S LETTER BRIEF
RE:  EXPEDITED DISCOVERY AND PI HEARING SCHEDULE
CASE NO.  C04 01640 SI

Defendant Ellie Mae, Inc. ("Ellie Mae") submits this memorandum in opposition to Plaintiff Calyx Technologies, Inc., dba Calyx Software's ("Calyx") Letter Brief Requesting Expedited Discovery and Modification of the Briefing Schedule and Hearing Date for Its Preliminary Injunction Motion filed late on Friday, May 21, 2004. Calyx waited nearly a week after serving its preliminary injunction motion to make this request. Calyx has made no showing—legal or factual—of any urgency justifying expedited discovery or continuing the hearing date on its preliminary injunction motion. In fact, the product that is the subject of the case has been on the market for six months. Rather than seeking necessary discovery, Calyx's request is a tactical maneuver both to burden Ellie Mae while it is preparing its opposition brief and to permit Calyx to present improperly arguments and evidence to which Ellie Mae would have no opportunity to respond. Calyx's request has no basis in law or fact, and it should be denied in its entirety.

## I.   INTRODUCTION AND STATEMENT OF FACTS

Late on Friday afternoon, May 14, Calyx served its motion for preliminary injunction.[1] In its motion, Calyx seeks to enjoin its competitor, Ellie Mae, from marketing and distributing Ellie Mae's breakthrough mortgage processing and management system product called Encompass, which has been offered to the public since December 1, 2003. On Friday morning, May 14, Calyx issued a press release and undertook an extensive publicity campaign announcing its efforts to enjoin Ellie Mae's Encompass product and that it expected a decision by the Court in six weeks. *See* Declaration of Susan L. Masetti, Exs. A and B. Having successfully cast a pall over Ellie Mae and its Encompass product, Calyx now would delay any resolution of this motion so it can continue to use the motion's pendency as a marketing tool. At the time it served its motion, Calyx apparently did not need expedited discovery and did not seek such discovery from the Court. It was not until the following week that Calyx first raised the issue of conducting discovery with respect to its preliminary injunction hearing. Given that Calyx has already filed its motion as well as accompanying evidence and that Calyx has offered no good cause in support of its request, Calyx's present request for discovery is suspect.

---

[1]   Calyx's motion was not actually filed with the Court until Monday, May 17, 2004.

The fact that Calyx only now seeks discovery—after it has chosen to move forward with its opening brief—makes it clear that Calyx plans to use the requested discovery to present new evidence (and argument) in its reply brief. Such a tactic would be highly prejudicial to Ellie Mae as it would have no opportunity to respond to this new material. Aside from this improper purpose, it is clear that Calyx's only other motive to now request discovery is to burden and harass Ellie Mae while it prepares its opposition brief. Accordingly, because Calyx has not and cannot present a valid justification for the discovery it currently seeks, its request should be denied.

## II.   LEGAL ARGUMENT

### A.   Calyx Has Failed to Make the Requisite Showing to Justify its Request for Expedited Discovery.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). However, a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures. *See Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273 (N.D. Cal. 2002) (good cause may be found where the need for expedited discovery, outweighs the prejudice to the responding party).

In the instant case, Calyx has offered no reason (nor has it submitted any declaration) to justify its request for expedited discovery. Calyx does not argue that it will suffer irreparable injury or any prejudice if it is not allowed to conduct expedited discovery. Rather, Calyx merely states that actual proof of copying is "probative" of the issue of infringement. *See* Calyx Letter Brief at p. 2. As discussed below, however, Calyx decided to forego presenting the Court with "actual proof" of copying and submitted its preliminary injunction motion with accompanying declaration and circumstantial evidence. In addition, there is no urgency to Calyx's request. Calyx has been aware of Ellie Mae's Encompass product since December 2003 and has had over six months to investigate Encompass. If Calyx is concerned about the sufficiency of its evidence, then it should withdraw its motion in its entirety. Calyx, however, should not be allowed to change the rules to obtain an unfair advantage now that it realizes that it

1  has no basis to request an injunction.  Calyx has not demonstrated good cause for its request and,

2  therefore, its request should be denied.

### B. Calyx Seeks Discovery In Order To Improperly Present New Argument and Evidence in Its Reply Brief.

Despite the fact that it has already filed its motion for preliminary injunction (with accompanying declaration and evidence), Calyx now seeks to conduct expedited discovery in anticipation of its reply brief.  This litigation tactic is entirely improper and would be highly prejudicial to Ellie Mae.

It is well-established that a party may not use a reply brief to raise new arguments or offer new evidence.  *See Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1429 (9th Cir. 1986) ("appellants cannot raise a new issue...in their reply briefs."); *Computer Economics, Inc. v. Gartner Group, Inc*. 1999 U.S. Dist. LEXIS 22204, *27 (S.D. Cal. 1999) (court noted that a reply brief is an "inappropriate vehicle" to offer new evidence) *citing United States v. Boggi*, 74 F.3d 470, 478 (3rd Cir., 1996) (noting that courts refuse to consider evidence and arguments presented for first time in reply brief because opposing party has no opportunity to respond); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895 (1990) (it is improper for the moving party to "shift gears" and introduce new facts or different legal arguments in the reply brief than presented in the moving papers).  As presently formatted, Calyx's request and proposed briefing schedule would allow Calyx to submit new evidence in its reply brief to which Ellie Mae would be deprived the opportunity to respond and would subject it to unfair surprise.  As such, Calyx's request should be denied.

### C. Calyx Felt No Need For Discovery And Will Not Be Prejudiced If Its Request Is Denied.

Calyx chose to file its motion for preliminary injunction and accompanying evidence rather than first seeking expedited discovery.  As such, Calyx cannot complain that it now needs discovery.  Calyx belatedly argues that while it presented "circumstantial evidence of copying" with its moving papers, evidence of actual copying is more "probative."  *See* Calyx Letter Brief at p. 2.  It is well settled, however, that "if you represent the moving party, make sure you have all your evidence in hand *before* making the motion [for preliminary injunction]."  *See*

W. Schwarzer, A. W. Tashima, and M. Wagstaffe, <u>California Practice Guide: Federal Civil Procedure Before Trial</u>, § 13:151 at p. 13-62 [emphasis in original]. Calyx made the strategic decision to file its preliminary injunction motion without conducting (let alone requesting) any discovery. Calyx has had over six months to investigate Encompass, as the product was released in early December 2003. Moreover, Calyx issued a press release indicating that it was ready to proceed on its motion. Calyx should not be allowed to change the rules to obtain an unfair advantage now that it has reaped the benefit of its press release (by casting suspicion over Ellie Mae and its product) and realizes that it has no basis to obtain an injunction. Calyx's request should be denied.

### D. Calyx's Request For Expedited Discovery Is to Harass and Burden Ellie Mae While It Is Preparing Its Opposition Brief.

Calyx's sudden request for discovery occurs as Ellie Mae is preparing its response to Calyx's motion. To require that Ellie Mae shift resources to the task of responding to interrogatory requests, collecting and reviewing documents and defending depositions would be extremely burdensome. Accordingly, Calyx's request for discovery should be denied. *See Lectrolarm Custom Systems, Inc. v. Pelco Sales, Inc*., 2002 U.S. Dist. LEXIS 23215, *22 (E.D. Cal. 2002) (discovery denied where burdensome and harassing nature of requests clearly outweighed minimal need for information).

### E. Should The Court Grant Calyx's Request For Expedited Discovery, Ellie Mae Requests Reciprocal Expedited Discovery.

Should the Court allow expedited discovery, Ellie Mae requests that the Court adopt a reasonable order for the logical sharing of information between the parties. With its preliminary injunction motion, Calyx is attempting to shut down and destroy Ellie Mae's core product (Encompass) and business. As such, Calyx's current proposal – six (6) interrogatory requests, five (5) requests for production of document and an unlimited amount of depositions – would unfairly disadvantage Ellie Mae in its ability to gather evidence to defeat Calyx's preliminary injunction motion.[2] Ellie Mae should not be hamstrung by the unrealistic discovery

---

[2] In addition, Calyx's proposed briefing schedule is likewise prejudicial to Ellie Mae. Calyx has set the deadline to complete deposition discovery for June 24, 2004 and seeks to have Ellie Mae file its opposition brief by July 2 – a mere eight days after discovery is complete.

1  limits urged by Calyx.  In light of the gravity of relief sought by Calyx, Ellie Mae requires more
2  extensive discovery.  At a minimum, Ellie Mae would request that the Court allow Ellie Mae to
3  propound at least fifteen (15) requests for production of documents and ten (10) interrogatory
4  requests.  Ellie Mae also would request that the Court allow the parties to take a reasonable
5  amount of depositions, in any event no fewer than five (5).

### III.  CONCLUSION

Calyx has failed to establish any good cause for this Court to depart from the standard rules governing the timeframe for discovery.  Instead, as discussed above, Ellie Mae would be significantly prejudiced if Calyx were allowed to conduct discovery and submit "new" evidence with its reply brief.  Accordingly, Ellie Mae respectfully requests that the Court deny Calyx's request for expedited discovery and modification of the briefing and hearing schedule with respect to Calyx's Motion for Preliminary Injunction.

Dated: May 26, 2004

WILLIAM S. COATS
VICKIE L. FEEMAN
THOMAS H. ZELLERBACH
SUSAN L. MASETTI
PETER J. O'ROURKE
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
Susan L. Masetti
Attorneys for Defendant
Ellie Mae, Inc.

---

Under the proposed schedule, however, Calyx's reply brief – which presumably will contain new evidence and arguments – would not be due until July 13.  This is eleven days after being served with Ellie Mae's opposition (four days later than it would be due under the local rules) and only three days before the proposed hearing date of July 16.  Calyx does not need additional time to draft its reply.  Rather, the proposed briefing schedule seeks to exert maximum pressure on Ellie Mae and foreclose Ellie Mae's opportunity to respond or otherwise object to the evidence submitted in Calyx's reply brief.  Calyx's proposed schedule is highly prejudicial to Ellie Mae and should be rejected.

I, Susan Pimlott, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. I served the within documents:

**DEFENDANT ELLIE MAE, INC.'S OPPOSITION TO PLAINTIFF CALYX TECHNOLOGIES, INC.'S LETTER BRIEF REQUESTING EXPEDITED DISCOVERY AND MODIFICATION TO PRELIMINARY INJUNCTION BRIEFING SCHEDULE AND HEARING DATE**

| | |
|---|---|
| **X** | by **Electronic Filing** upon the attorneys registered to receive service by email through the N.D. Cal. Electronic Case Filing System. |
| | by transmitting via **Facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **United States Mail** at Menlo Park, California addressed as set forth below. |
| | by causing personal delivery by **Western Messenger** located at 75 Columbia Square, San Francisco, CA 94103, of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | by, personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | by placing a true and correct copy of the documents in a **Federal Express** envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

| | |
|---|---|
| H. Jonathan Redway<br>White, Redway & Brown LLP<br>1217 King Street<br>Alexandria, VA  22314<br><br>Fax:  (703) 299-0036 | Michael K. Bosworth<br>Burns, Doane, Swecker & Mathis LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA  94065<br><br>Fax:  (650) 622-2499 |

Executed on May 26, 2004 at Menlo Park, California.

I declare under penalty of perjury that the foregoing is true and correct.

/s/<br>
Susan Pimlott