H. Jonathan Redway (*Pro Hac Vice*)
White, Redway & Brown LLP
1217 King Street
Alexandria, Virginia  22314
Telephone:  (703) 299-0035
Facsimile:  (703) 299-0036

Michael K. Bosworth, Esq. (State Bar #75,887)
Kirk M. Nuzum, Esq. (State Bar #144,745)
BURNS, DOANE, SWECKER & MATHIS, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California  94065
Telephone: (650) 622-2300
Facsimile: (650) 622-2499

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALYX TECHNOLOGIES, INC., dba CALYX SOFTWARE, a California Corporation,<br><br>            Plaintiff,<br><br>v<br><br>ELLIE MAE, INC., a California Corporation,<br><br>            Defendant. | Case No.  CO4 01640 SI<br><br>PLAINTIFF CALYX'S (1) OPPOSITION TO DEFENDANT ELLIE MAE'S MOTION TO DISMISS AND (2) MOTION FOR LEAVE TO AMEND<br><br>DATE: AUGUST 6, 2004<br>TIME: 9:00 AM<br>DEPT: COURTROOM 10, 19TH FLOOR<br>JUDGE:  THE HONORABLE<br>            JUDGE SUSAN ILLSTON |

Pursuant to Rule 12(b)(6) and 15(a) of the Federal Rules of Civil Procedure, Plaintiff Calyx Technologies, Inc. ("Calyx"), by and through counsel, hereby opposes the motion of Ellie Mae, Inc. ("Ellie Mae") to dismiss Plaintiff Calyx's Federal Unfair Competition Claim and, concomitantly, seeks leave to file a Second Amended Complaint, which is attached here as Exhibit A, and which:

//

//

1

Redwood 81368 | PLAINTIFF CALYX'S (1) OPPOSITION TO DEFENDANT ELLIE MAE'S MOTION TO DISMISS AND (2) MOTION FOR LEAVE TO AMEND

(1) includes new allegations of false advertising arising out of Defendant Ellie Mae's false statements in recent advertising concerning Ellie Mae's hiring of Mr. Robert Madsen and Ellie Mae's ePASS product;

(2) includes new allegations arising out of new copyright registrations obtained from the U.S. Copyright Office after the filing of the Amended Complaint; and

(3) cures the purported deficiencies identified in Defendant Ellie Mae's Motion to Dismiss.

**ISSUE PRESENTED**

Whether the Court should deny Defendant Ellie Mae's Motion to Dismiss and grant Plaintiff Calyx leave to file the Second Amended Complaint attached hereto as Exhibit 1 that (1) includes new allegations arising from new copyright registrations obtained from the United States Copyright Office after the filing of the First Amended Complaint, (2) includes a new count for false advertising arising out of new allegations concerning new advertising and press releases, (3) contains new allegations detailing Plaintiff Calyx's trade dress that cure the purported deficiencies set forth in Defendant Ellie Mae's Motion to Dismiss, particularly given that (1) Defendant Ellie Mae will not be unfairly prejudiced by the Court granting Plaintiff Calyx leave to file the Second Amended Complaint, (2) Defendant Ellie Mae declined to comment on Plaintiff Calyx's new trade dress allegations prior to the filing of the Amended Complaint, and (3) justice requires that Plaintiff's allegations be decided on the merits.

**BACKGROUND**

On or about April 27, 2004, Plaintiff Calyx filed a complaint alleging (1) copyright infringement pursuant to 17 U.S.C. § 501, (2) false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and (3) unfair competition in violation of California Business and Professions Code § 17200.

On or about May 21, 2004, Defendant Ellie Mae filed a motion to dismiss all three counts of the complaint. On or about June 1, 2004, Plaintiff Calyx forwarded a courtesy copy of a proposed amended complaint to Defendant Ellie Mae. Plaintiff Calyx, though its counsel, asked Defendant Ellie Mae whether it would consent to the filing of the amended complaint. Ellie Mae responded by

declining to comment one way or the other on the merits of the Amended Complaint. Instead, Ellie Mae reserved the right to challenge the amended complaint at a later date through a motion to dismiss or other appropriate pleading. (*See* June 2, 2004, correspondence from Ms. Masetti to Mr. Redway attached hereto as Exhibit B)

On or about June 3, 2004, Plaintiff Calyx filed and served the Amended Complaint. Thereafter, on or about June 21, 2004, Ellie Mae filed the motion to dismiss that is presently before the Court. Defendant Ellie Mae's motion to dismiss challenges Plaintiff Calyx's claim for false designation of origin on the grounds that the further detail provided by Plaintiff Calyx in the Amended Complaint concerning the identity of its protected trade dress remains inadequate as a matter of law. Ellie Mae's motion does **not** seek to dismiss Plaintiff Calyx's claims for copyright infringement and state unfair competition. (Motion to Dismiss at page 2, fn 2.)

## ARGUMENT

### A.     The Standard for a Motion to Dismiss

"A motion to dismiss for failure to state a claim will be denied unless is appears that the plaintiff can prove no set of facts which would entitle him or her to relief." *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp.2d 941, 947 (N.D. Cal. 2003)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1435 (9th Cir. 1986)). "All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff." *Accuimage Diagnostics Corp.*, 260 F. Supp.2d at 947 (citing *NL Indus., Inc. v. Kaplan*, 792 F.2d 1432, 1435 (9th Cir. 1986)). Also, the Court may consider exhibits submitted with the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986), abrogated on other grounds by A*storia Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

//

//

//

**B.     The Standard for Leave to Amend**

Motions to amend are to be liberally granted.  "[L]eave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The underlying purpose of the rule is to decide cases on the merits rather than on the pleadings or technicalities.  *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

**C.     Defendant's Motion to Dismiss Should Be Denied and Plaintiff's Motion for Leave to Amend Should Be Granted**

The single argument that Defendant Ellie Mae advances to support its motion to dismiss Calyx's false designation of origin claim with prejudice is as follows:

> Calyx's federal unfair competition claim rests on alleged trade dress infringement, but Calyx <u>fails to identify the alleged trade dress with anything close to the specificity required to state a claim</u>.  Ellie Mae earlier filed a motion to dismiss Calyx's original Complaint because Calyx failed, among other things, to identify its purported trade dress there as well.  Calyx responded to Ellie Mae's motion by filing its Amended Complaint.  <u>As this is the second time Calyx has not adequately identified its alleged trade dress and as Calyx appears unable to do so, its federal unfair competition claim should be dismiss without leave to amend</u>.

(Motion to Dismiss at page 2)(emphasis added).

Defendant Ellie Mae's single argument is without merit for any or all of the following reasons.  *First*, Plaintiff Calyx asked Defendant Ellie Mae's counsel whether it would consent to the filing of the amended complaint -- which was amended to, among other things, include additional specificity on Calyx's protected trade dress -- and Ellie Mae's counsel declined to comment on the sufficiency of Calyx's trade dress.  The purported problem may well have been resolved though discussions between counsel if Defendant Ellie Mae's counsel had been willing to engage in such discussions.  *Second*, Plaintiff Calyx seeks leave to amend the complaint to include allegations arising out of new copyright registrations that issued after the filing of the First Amended Complaint, as well as new allegations concerning false advertising.  Although not required, Plaintiff Calyx has also included additional allegations in response to the present motion to dismiss that clarify the nature of Calyx's protected trade dress.  These new allegations set out Plaintiff Calyx's

claimed trade dress in excruciating detail.  *Third*, Defendant Ellie Mae will neither be unfairly prejudiced by the filing of the attached Second Amended Complaint nor will the proceeding be delayed.  Defendant Ellie Mae has not filed a responsive pleading.  Discovery has not begun.  *Finally*, and most importantly, justice requires that Plaintiff Calyx's claims be decided on the merits rather than on technicalities.

## CONCLUSION

For all the foregoing reasons, Plaintiff Calyx respectfully requests that Defendant's Motion to Dismiss be denied in full and that Plaintiff's Motion for Leave to Amend to file the attached Second Amended Complaint be granted in full.

Dated: July 16, 2004           By:   /S/ H. Jonathan Redway
                                     H. Jonathan Redway, Esq.
                                     White, Redway & Brown LLP
                                     1217 King Street
                                     Alexandria, Virginia
                                     Telephone:  (703) 299-0035
                                     Facsimile:   (703) 299-0036

                                     Michael K. Bosworth, Esq.
                                     Kirk M. Nuzum, Esq.
                                     Burns, Doane, Swecker & Mathis, LLP
                                     333 Twin Dolphin Drive, Suite 700
                                     Redwood Shores, California  94065
                                     Telephone: (650) 622-2300
                                     Facsimile: (650) 622-2499

5

Redwood 81368 — PLAINTIFF CALYX'S (1) OPPOSITION TO DEFENDANT ELLIE MAE'S MOTION TO DISMISS AND (2) MOTION FOR LEAVE TO AMEND

1  I, Kirk M. Nuzum, declare:

2  I am a resident of the State of California and over the age of eighteen years, and not a party

3  to the within action. I served the within document(s):

4  **PLAINTIFF CALYX'S OPPOSITION TO DEFENDANT ELLIE MAE'S MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND**

5

| | |
|---|---|
| X | By **ELECTRONIC FILING** On the attorneys registered to receive service by email through the N.D. Cal. Electronic Case Filing System. |
| | By transmitting via **FACSIMILE** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 pm. |
| | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at Redwood Shores, California, addressed as set forth below. |
| | By causing personal delivery by **SWIFT ATTORNEY SERVICE** located at 500 Allerton Street, Suite 105, Redwood City, California, 94063, of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By placing a true and correct copy of the documents in a **FEDERAL EXPRESS** envelope addressed as set forth below and then sealing the envelope, affixing a prepaid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

| | |
|---|---|
| William S. Coats<br>Thomas H. Zellerbach<br>Vickie L. Feeman<br>Susan L. Masetti<br>Peter J. O'Rourke<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br><br>Fax No. (650) 614-7401 | |

Executed on July 16, 2004, at Redwood Shores, California.

I declare under penalty of perjury that the foregoing is true and correct.

    /S/  Kirk M. Nuzum
    Kirk M. Nuzum

6

Redwood 81368 | PLAINTIFF CALYX'S (1) OPPOSITION TO DEFENDANT ELLIE MAE'S MOTION TO DISMISS AND (2) MOTION FOR LEAVE TO AMEND