H. Jonathan Redway (*Pro Hac Vice*)
WHITE, REDWAY & BROWN LLP
1217 King Street
Alexandria, Virginia  22314
Telephone:  (703) 299-0035
Facsimile:  (703) 299-0036

Michael K. Bosworth, Esq. (State Bar #75,887)
Kirk M. Nuzum, Esq. (State Bar #144,745)
BURNS, DOANE, SWECKER & MATHIS, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California  94065
Telephone:  (650) 622-2300
Facsimile:  (650) 622-2499

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALYX TECHNOLOGIES, INC., d/b/a CALYX SOFTWARE, a California Corporation,<br><br>Plaintiff,<br><br>v<br><br>ELLIE MAE, INC., a California Corporation,<br><br>Defendant. | Case No.  CO4 01640 SI<br><br>PLAINTIFF CALYX'S REPLY TO DEFENDANT ELLIE MAE'S OPPOSITION TO CALYX'S MOTION FOR LEAVE TO AMEND<br><br>DATE:  September 3, 2004<br>TIME:  9:00 AM<br>DEPT:  COURTROOM 10, 19TH FLOOR<br>JUDGE:  THE HONORABLE<br>          JUDGE SUSAN ILLSTON |

**INTRODUCTION**

Defendant Ellie Mae argues that the Court should deny Plaintiff Calyx leave to amend to file a Second Amended Complaint insofar as the Complaint includes a cause of action for false designation of origin that Ellie Mae asserts fails to define Calyx's trade dress and non-functionality "with the specificity required under the law." (Opposition at 1)  This argument is demonstrably wrong.

1

1       *First*, Ellie Mae's argument overlooks the detailed description of the various elements of the
2 overall visual appearance of the ten screen displays identified in the proposed Complaint. (Proposed
3 Second Amended Complaint at ¶¶ 9- 20, 25-37, 44-46). In addition, Ellie Mae's argument
4 overlooks the Complaint clearly alleging that, as a result of extensive marketing and use, mortgage
5 professionals have come to recognize the total visual image of any or all the ten screen displays as
6 individual source identifiers for Calyx's Point® loan origination software. (*Id.*) Calyx is not
7 required to provide a pixel by pixel description of each of the ten screen displays, nor should it be,
8 because its trade dress rights arise out of the total visual image and use of each separate screen
9 display. *See Computer Care v. Service Systems Enterprises, Inc.*, 982 F.2d 1063, 1071 (7th Cir
10 1992)(rejecting an "atomized" approach to the individual elements of claimed trade dress in
11 affirming a district court's granting a preliminary injunction for the "particular combination and
12 arrangement of computer generated monthly reports.").
13       *Second*, Ellie Mae's argument -- that "[i]t is well-settled that allegations of trade dress
14 infringement fail to state a claim unless a *detailed* description of the purported trade dress is
15 provided[]" (Opposition at 3)(emphasis in original) -- is wholly without legal support. A thorough
16 reading of the cases in Ellie Mae's brief reveals that Ellie Mae's attorneys repeatedly refer to and
17 quote out of context fragments from decisions involving *factual determinations*, such as post-trial
18 rulings, summary judgment, and preliminary injunctions – none of which apply to Ellie Mae's
19 challenge to the sufficiency of Calyx's *allegations* in the filing of the complaint. Ellie Mae cites
20 only a single district court decision involving the sufficiency of trade dress pleadings prior to a
21 developed factual record, namely *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d
22 941 (N.D. Cal. 2003), which is easily distinguished from this case because the disputed trade dress
23 was identified only as "proprietary, unique and distinctive in the medical imaging applications
24 industry." *Id*. at 949. In stark contrast, the allegations in the proposed Complaint, go well beyond
25 the one bare bones allegation in *Accuimage*. (Proposed Second Amended Complaint at ¶¶ 9-20, 25-
26 37, 44-46).
27
28

*Third,* unlike the cases presented in Ellie Mae's opposition brief, at least two directly analogous district court decisions support the Court allowing the cause of action for false designation of origin to proceed with both the trade dress allegations and non-functionality allegations as currently set forth in the proposed Complaint. *See David White Instruments, LLC v. TLZ, Inc.*, 2003 U.S. Dist. LEXIS 8375 (E.D. Ill. 2003)(dismissal for "too vague and general" trade dress allegations and failure to allege non-functionality denied because plaintiff could prove some set of facts to support the allegations in its trade dress claim); *Niles Audio Corp. v. OEM Systems Co., Inc.*, 174 F. Supp. 2d 1315 (S.D. Fla. 2001)(dismissal for arguably functional trade dress denied because non-functionality is a factual inquiry). The Court simply cannot conclude at this pre-evidentiary stage that Calyx cannot prove some set of facts to support the cause of action.

*Finally*, Ellie Mae's argument that it does not have sufficient detail to prepare an adequate defense (Opposition at 1) is directly contradicted by Ellie Mae's boast that it copied the "look and feel of the industry's most successful loan origination software" and that it "talked to a number of lawyers before" taking that step. (*Compare* Opposition Brief at 1 *with* Proposed Amended Complaint at ¶ 45 and Exhibit 4). To have copied the "look and feel" of Calyx's trade dress is *a priori* to possess sufficient detail to prepare an adequate defense, even absent the detail provided in the proposed Complaint.

**PROCEDURAL BACKGROUND RELEVANT TO THIS MOTION**

On June 4, 2004, Calyx filed an Amended Complaint against Ellie Mae alleging (1) copyright infringement pursuant to 17 U.S.C. § 501; (2) false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair competition in violation of California Business and Professions Code § 17200. Ellie Mae filed a motion seeking dismissal of Calyx's cause of action for false designation of origin, asserting that the Complaint "provides no real information about Calyx's alleged trade dress." (Motion to Dismiss at 4). Ellie Mae ***did not argue in that motion*** that Calyx's allegation of non-functionality was somehow legally deficient. In response, Calyx filed a single brief in opposition stating that it ***did not*** agree that the allegations

3

were legally deficient, but because Calyx was already moving the Court for leave to add a new cause of action for false advertising and additional allegations concerning new copyright registrations, Calyx would, in the spirit of cooperation, provide additional detail concerning its trade dress rights.

On August 2, 2004, this Court dismissed Calyx's then pending cause of action for false designation of origin and deferred its decision on Calyx's motion for leave to amend.

On August 13, 2004, Ellie Mae filed an opposition to Calyx's Motion for Leave to Amend.[1] Ellie Mae continues incorrectly to argue that the proposed Complaint does not allege sufficient detail about Calyx's trade dress. Ellie Mae also argues -- for the first time -- that the proposed Complaint is legally deficient because it does not contain sufficient allegations of non-functionality. (Opposition at 5-6).

Ellie Mae has not filed an answer in the case. Discovery has not begun. Neither party has made initial disclosures.

## ARGUMENT

## I. THE APPLICABLE LEGAL STANDARDS

### A. The Correct Standard for Leave to Amend

"[A] party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Motions to amend are to be liberally granted. *Id*. The underlying purpose of the rule is to decide cases on the merits rather than on the pleadings or technicalities. *See DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

A complaint should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to the relief requested. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957). With regard to the cause of action in dispute, there is no question but that the overall visual appearance of display screens can

---

[1] Defendant Ellie Mae does not object to the Second Amended Complaint with respect to the copyright, false advertising, and California unfair competition claims. (Opposition Brief at 1, fn. 1).

1  constitute trade dress. *See Computer Access Technology Corp. v. Catalyst Enterprises, Inc.*, 273 F. Supp. 2d 1063 (N.D. Cal. 2003); *David White Instruments, LLC v. TLZ, Inc.*, 2003 U.S. Dist. LEXIS 8375 (N.D. Ill. 2003).

This is not a case where Calyx seeks to introduce a new theory of recovery at a late stage of the proceeding to the disadvantage of Ellie Mae. To the contrary, permitting Calyx to more precisely define a meritorious claim would not prejudice Ellie Mae, avoids unfair prejudice to Calyx, and conserves judicial resources by leading to the expeditious disposition of the merits.

### B. The Legal Standard for False Designation of Origin

To state an infringement claim under § 43(a) of the Lanham Act – whether it is a trademark claim or a trade dress claim – a plaintiff must meet three basic elements: (1) distinctiveness, (2) non-functionality, and (3) likelihood of confusion.[2] *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998); *Computer Access Technology Corp. v. Catalyst Enterprises, Inc.*, 273 F. Supp. 2d 1063 (N.D. Cal. 2003) (observing elements in trade dress case involving graphical user interfaces). In the Ninth Circuit, trade dress "refers to the 'total image of a product' and may include features such as size, shape, color, color combinations, texture or graphics." *See International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993); *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989).

### 1. The Legal Requirement for Showing Distinctiveness

A claimant must show that a trademark or trade dress is distinctive either by showing that it is inherently distinctive or that it has acquired distinctiveness through secondary meaning. A mark is inherently distinctive if "[its] intrinsic nature serves to identify a particular source." *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 210 (2000)(quoting *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)). "[A] mark has acquired distinctiveness, even if it is not inherently distinctive, if it has developed secondary meaning, which occurs when, 'in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the

---

[2]   Defendant Ellie Mae does not argue that Plaintiff Calyx failed to properly allege likelihood of confusion.

1  product itself.'" *Id*. (quoting *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851
2  fn. 11 (1982)).

3        There is no merit to Ellie Mae's argument that Calyx has not identified its infringed trade
4  dress with sufficient specificity to withstand a motion to dismiss. All but one of the cases identified
5  in Ellie Mae's brief involve factual findings based on developed factual records.[3] The one case
6  identified in Ellie Mae's opposition that deals with the sufficiency of the allegations before
7  development of a factual record, *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d
8  941 (N.D. Cal. 2003), involved allegations that were substantially different from the allegations in
9  this case. In *Accuimage*, the plaintiff brought twelve causes of action against numerous defendants.
10 The Court found the complaint rife with conclusory allegations, and, as a result, dismissed numerous
11 causes of action, most with leave to amend. One cause of action was for trade dress infringement.
12 *Id*. at 946. The allegations in support of that cause of action were that certain computer generated
13 reports were "proprietary, unique and distinctive in the medical imaging applications industry." *Id*.
14 at 949. The cause of action was dismissed with leave to amend. *Id*.

---

[3] *See generally Chem-Trainer Industries, Inc. v. Wilkin*, 44 U.S.P.Q.2d 1114 (C.D. Cal. 1997)(motion for preliminary injunction in which alleged trade dress was also the claimed subject of a utility patent that was alleged to be infringed); *Yurman Designs, Inc. v. PAG, Inc.*, 262 F.2d 101 Cir. 2001)(an appeal of a seven day jury trial in which the jury found plaintiff's trade dress in a line of products was distinctive and infringed); *Landscape Forms, Inc. v. Hollywood Casino Corp.*, 80 F. Supp. 2d 815 (N.D. Ill 1999)(findings of fact and conclusions of law in which the court found certain elements of Planet Hollywood's presentation combined to create a look and feel that is distinctive of Planet Hollywood); *Big Island Candies, Inc. v. The Cookie Corner*, 269 F. Supp. 2d 1236 (D. Hi. 2003)(motion for summary judgment involving trade dress that was alleged to cross different product lines); *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003)(motion for judgment on the pleadings in which the court expressly found that the alleged trade dress in advertising billboards could not have acquired distinctiveness because they were constantly changing); *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1506 (9th Cir. 1987)(review of a directed verdict following the close of the plaintiff's case); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir. 1987)(denial of a motion for preliminary injunction).

| CA 83142 | PLAINTIFF CALYX'S REPLY TO DEFENDANT ELLIE MAE'S OPPOSITION TO CALYX'S MOTION FOR LEAVE TO AMEND |
|---|---|

1  The allegations in this case are very different. For example, a quote containing a particularly damning revelation of deliberate misappropriation of the features of the Point® software that Calyx alleges comprise its trade dress is found on Ellie Mae's web site:

> "One of my concerns was that I'm not going to force everybody to use [Ellie Mae's] system that no one likes," said Carteret Mortgage CEO Eric Weinstein. "But I saw the system. The [Encompass] system has the look and feel of Point. In fact, they went right down to even having the screens the same color. So by basically having the feel of Point – and that's the software most people like – they were able to overcome that because no one wants to use [Ellie Mae's] Genesis or Contour."

(Complaint at ¶ 44). The complaint in *Accuimage Diagnostics Corp.*, did not contain such a damning allegation of deliberate misappropriation. More generally, it did not set out any separate basis for acquired distinctiveness, as was done in this case.[4]

Ellie Mae's reliance on *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021 (D. Minn. 2003) is also seriously misplaced. *Goddard* involved a summary judgment determination of several claims, including a claim for breach of settlement, in which the court concluded on the basis of a fully developed factual record that the alleged trade dress had not acquired distinctiveness. *Id.* at 1043.

Other district courts have denied defendants' oppositions to trade dress claims containing less detail than found here. For example, in *David White Instruments, LLC, v. TLZ, Inc.*, 2003 U.S. Dist. LEXIS 8375 (E.D. Ill. 2003), a plaintiff alleged defendant "sold or offered to sell manual levels and level-transits that were similar to the plaintiff's product line, and that these sales and offers had created a likelihood of confusion or misunderstanding as to the origin, sponsorship, or approval of the defendant's products by plaintiff." *Id.* at *21. The plaintiff alleged that it had sold its product line since 1984 and that "as a result of its unique and distinctive overall appearance, and well as plaintiff's advertising and promotion of the instruments, the total image, shape, configuration,

---

[4] It is also worth noting that the Court in *Accuimage Diagnostics Corp.* acknowledged that it would have been less rigorous in the disposition of the claims had the plaintiff been more selective in its pleadings. *Accuimage Diagnostics Corp.*, 260 F. Supp. 2d at 959.

1  overall look, appearance and impression of the product line had caused the relevant segment of the
2  general public to associate the product line with the plaintiff." *Id*. The defendant filed a motion to
3  dismiss asserting that the allegations of trade dress were too vague and general to allege a protected
4  trade dress. *Id*. at *20. The court disagreed and found because the complaint set out sufficient
5  factual matter to outline the elements of a trade dress infringement claim and plaintiff could prove
6  some set of facts to support the allegations in its claim, dismissal would be improper. *Id*. at *21-*22.
7  The same reasoning applies with force here.

### 2. The Legal Requirements for Non-Functionality

9   A product feature is functional and "cannot serve as a trademark 'if it is essential to the use
10 or purpose of the article or if it affects the cost or quality of the article,' that is, if exclusive use of
11 the feature would put competitors at a significant non-reputation-related disadvantage." *Qualitex*
12 *Co., v. Jacobson Prods., Co.*, 514 U.S. 159, 165 (1995). Non-functionality turns on an evaluation of
13 several factors, including: (1) whether the design yields utilitarian advantage, (2) whether
14 alternative designs are available, (3) whether advertising touts the utilitarian advantages of the
15 design, and (4) whether a particular design results from comparatively simple or inexpensive method
16 of manufacture. *Disc. Golf Ass'n v. Champion Discs, Inc*., 158 F.3d 1002, 1006 (9th Cir. 1998).
17 "The issue of functionality has been consistently treated as a question of fact." *Vuitton et Fils S.A. v.*
18 *J. Young Enters, Inc*., 644 F.2d 769, 775 (9th Cir. 1981).

19  For the first time, Ellie Mae contends the proposed Complaint is deficient because it does not
20 set forth in sufficient detail the allegation of non-functionality and contains language that might be
21 interpreted as indicating that particular elements of Calyx's trade dress are functional. (Opposition
22 at 6). Again, the cases identified in Ellie Mae's brief do not support Ellie Mae's contention. They
23 were decided on the basis of developed factual records, not in the context of a motion to dismiss
24 before a factual record could be developed.[5] More importantly, by attempting to break Calyx's trade

---

5   *See Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1506 (9th Cir. 1987)(review of a directed verdict following the close of the plaintiff's case); *Continental Laboratory Products, Inc*., 114 F. Supp. 2d 992 (S.D. Cal. 2000)(summary judgment in which the court carefully weight affidavits and proposed alternative designs); *Disc Golf Ass'n, Inc. v. Champion Discs, Inc*., 158 F.3d 1002, 1009 (9th Cir. 1998)(summary judgment involving a utility patent); *Gemmy Corp. v Chrisha*

8

1  dress into its individual elements at this early stage and then attacking certain of those elements as
2  functional, Ellie Mae misperceives the scope of the appropriate inquiry.  Calyx claims as its trade
3  dress the particular combinations and arrangements that identify its displays and distinguish them
4  from others.  It is inappropriate for Ellie Mae to attempt to break Calyx's trade dress into its
5  individual elements and then attack certain of those elements as functional.  "It is a fallacy to break a
6  fagot stick by stick."  *Joseph Schlitz Brewing Co. v. Houston Ice and Brewing Co.*, 250 U.S. 28, 29
7  (1919)(Justice Holmes).  *See Computer Care v. Service Systems Enterprises, Inc.*, 982 F.2d 1063,
8  1071 (7th Cir. 1992); *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 76 (2d Cir. 1985).
9       The *David White Instruments,* decision is also instructive here.  In *David White Instruments,*
10 *LLC*, 2003 U.S. Dist. LEXIS 8375, defendant argued the complaint should be dismissed because the
11 cause of action failed to allege the trade dress was non-functional.  *Id*. at *22.  The court disagreed
12 stating that whether trade dress is functional is a question of fact and therefore not appropriate for
13 consideration on a motion to dismiss.  *Id*. at *23.
14      Also, the decision of at least one other district court involving a trade dress infringement
15 claim is instructive.  *See Niles Audio Corp., v. OEM Systems Co., Inc.*, 174 F. Supp. 2d 1315 (S.D.
16 Fla. 2001).  In *Niles*, plaintiff's complaint alleged that defendant's sale of certain audio speakers
17 infringed plaintiff's trade dress rights in certain audio speakers.  The defendant moved to dismiss the
18 cause of action because the distinctive features of the speakers were arguably functional.  *Id*. at
19 1318-19.  Specifically, the defendant argued that promotional brochures that were attached to the
20 complaint and displayed the speakers belied the plaintiff's allegations regarding functionality.  *Id*. at
21 1319.  The defendant also asserted that the plaintiff could not establish that the speakers had
22 acquired secondary meaning.  *Id*.  The court denied the defendant's motion to dismiss because it
23 could not determine whether the statements in the brochure actually contradicted the allegations on
24 non-functionality in the complaint because it was not an expert in audio speakers.  *Id*.  "Indeed, these

---

26 *Creations Ltd.*, 2004 U.S. Dist. LEXIS 11468 (S.D.N.Y. 2004)(summary judgment on a developed record); *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1043 (D. Minn. 2003)
27 (summary judgment in which finding of functionality came after a review of the factual record);
28 *Chem-Trainer Industries, Inc. v. Wilkin*, 44 U.S.P.Q.2d 1114 (C.D. Cal. 1997)(motion for preliminary injunction).

| CA 83142 | PLAINTIFF CALYX'S REPLY TO DEFENDANT ELLIE MAE'S OPPOSITION TO CALYX'S MOTION FOR LEAVE TO AMEND |
|---|---|

1 are factual issues which can only be resolved after a full record is presented to the Court." *Id*. The
2 court also found that it could not determine whether the speakers had secondary meaning because
3 the court would need a full record to make such a factual determination. *Id*. The court's well-
4 reasoned analysis in *Niles* applies here as well.

## CONCLUSION

The factual issue of whether Calyx's Point® screen displays have acquired secondary meaning and are non-functional cannot be resolved in Ellie Mae's favor as a matter of law without further factual development. For all the foregoing reasons, Plaintiff Calyx respectfully requests that its motion for leave to amend the Complaint to more precisely define its protected trade dress be granted in full.

Dated: August 20, 2004

By:   /S/ H. Jonathan Redway
H. Jonathan Redway, Esq.
White, Redway & Brown LLP
1217 King Street
Alexandria, Virginia
Telephone:  (703) 299-0035
Facsimile:   (703) 299-0036

Michael K. Bosworth, Esq.
Kirk M. Nuzum, Esq.
Burns, Doane, Swecker & Mathis, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California  94065
Telephone: (650) 622-2300
Facsimile: (650) 622-2499

CA 83142 | PLAINTIFF CALYX'S REPLY TO DEFENDANT ELLIE MAE'S OPPOSITION TO CALYX'S MOTION FOR LEAVE TO AMEND

1   I, Kirk M. Nuzum, declare:

2   I am a resident of the State of California and over the age of eighteen years, and not a party

3   to the within action. I served the within document(s):

4   **PLAINTIFF CALYX'S REPLY TO DEFENDANT ELLIE MAE'S OPPOSITION TO CALYX'S MOTION FOR LEAVE TO AMEND**

5

| | |
|---|---|
| X | By **ELECTRONIC FILING** On the attorneys registered to receive service by email through the N.D. Cal. Electronic Case Filing System. |
| | By transmitting via **FACSIMILE** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 pm. |
| | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at Redwood Shores, California, addressed as set forth below. |
| | By causing personal delivery by **SWIFT ATTORNEY SERVICE** located at 500 Allerton Street, Suite 105, Redwood City, California, 94063, of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By placing a true and correct copy of the documents in a **FEDERAL EXPRESS** envelope addressed as set forth below and then sealing the envelope, affixing a prepaid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

William S. Coats
Thomas H. Zellerbach
Vickie L. Feeman
Susan L. Masetti
Peter J. O'Rourke
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA  94025

Fax No. (650) 614-7401

Executed on August 20, 2004, at Redwood Shores, California.

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　/S/  Kirk M. Nuzum
　　　　　　　　Kirk M. Nuzum

11

CA 83142    PLAINTIFF CALYX'S REPLY TO DEFENDANT ELLIE MAE'S OPPOSITION TO CALYX'S MOTION FOR LEAVE TO AMEND