IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALYX TECHNOLOGIES, INC., et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>ELLIE MAE, INC.,<br><br>                Defendant.<br>_____/ | No. C 04-1640 SI<br><br>**ORDER RE: DEFENDANT'S REQUESTS<br>FOR PRODUCTION OF DOCUMENTS<br>AND RULE 30(b)(6) WITNESSES** |

   By letter briefs,[1] the parties bring before the Court a dispute regarding defendant's Request for Production of Documents Nos. 94-114 and for plaintiff to produce a Rule 30(b)(6) witness for Topic Nos. 14-16, 18, 22, 24, and 27.

   Defendant contends that the information sought relates to its unclean hands affirmative defense. Defendant has presented evidence suggesting that plaintiff may have intended to create an updated version of software that contained similar appearance and functionality to defendant's Encompass product. See Bagdasarian Decl., Exs. C-H.

   Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Court finds that defendant has presented sufficient evidence to warrant plaintiff's compliance with discovery of material related to unclean hands.

   Plaintiff argues that defendant has not shown that any of the allegedly copied material was protected

---

[1] Defendant filed its letter brief on July 27, 2005 (docket ##164, 166 and 168). Plaintiff responded on August 8, 2005 (docket #217).

by trade dress or copyright. However, the Court has recently found that plaintiff's screen displays are not protected by trade dress or copyright. Plaintiff continues to seek recovery for additional causes of action. Therefore, even if defendant cannot obtain protection for its program under copyright or trade dress, it also may pursue the affirmative defense of unclean hands.

Plaintiff also argues that defendant's claim of unclean hands does not relate to the same screen displays at issue in the complaint. However, defendant has demonstrated that discovery may lead to evidence in support of its affirmative defense, which is all that is necessary at this stage of the proceeding. All the screen displays listed by defendant are found in the Encompass and Point programs, the programs at issue in this litigation.

Third, plaintiff asserts that discovery is not warranted because defendant's unclean hands allegations relate to actions taken after the lawsuit was filed. However, the relevant inquiry is whether "the conduct alleged to bar the action [relates] to the controversy in issue." Pierce v. Apple Valley, Inc., 597 F.Supp. 1480, 1485 (S.D. Ohio 1984). Here, the conduct alleged by defendant–plaintiff's copying of Encompass–is directly related to the controversy in issue.

Therefore, the Court finds that defendant's discovery requests are appropriate and ORDERS plaintiff to comply with Request for Production of Documents Nos. 94-114 and produce a Rule 30(b)(6) witness for Topic Nos. 14-16, 18, 22, 24, and 27. However, plaintiff only must comply with defendant's narrowed request documented in its July 6, 2005 letter. See July 27, 2005 Letter Brief at 1 n.1.

Plaintiff's responses **must be provided on or before September 26, 2005.**

**IT IS SO ORDERED.**

Dated: September 9, 2005

SUSAN ILLSTON
United States District Judge