IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALYX TECHNOLOGIES, INC., | No. C 04-01640 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| ELLIE MAE, INC., | |
| Defendant. / | |

By letter briefs,[1] the parties have brought before the Court a dispute regarding defendant's compliance with plaintiff's discovery requests. The Court will address each of plaintiff's requests in turn.

**1.   Robert Madsen, Sig Anderman, and Jonathan Corr**

Plaintiff argues that defendant has not properly searched the paper and electronic files of Madsen, Anderman, and Corr. Madsen testified on May 25, 2005, that he works from home and that he has not searched the files of his various home computers. Pl.'s Mot., Ex. C. Defendant states it has since conducted a proper search of the files of Madsen, Anderman, and Corr and has or will produce additional responsive documents that were found. See Madsen Decl. ¶ 3; Anderman Decl. ¶¶ 3, 4; Corr Decl. ¶¶ 3-5.

The Court instructs defendant to search for and produce all documents responsive to plaintiff's request. If defendant has already done so, it should submit a sworn statement to that effect.

**2.   Confidentiality designations**

Plaintiff contends that defendant agreed to revisit its confidentiality designations after plaintiff withdrew

---

[1] Plaintiff submitted its brief on June 2, 2005 (docket #97); defendant submitted its opposition on June 17, 2005 (docket ##142-143); and plaintiff filed its reply on June 28, 2005 (docket #150). Defendant also submitted an objection to plaintiff's opposition on June 29, 2005 (docket #154).

its March 17, 2005 motion to compel. Pl.'s Mot., Ex. B. Defendant argues that plaintiff failed to comply with the provisions of the Protective Order which require that requests for changes in confidentiality designation be made in writing.

In a January 2005 letter, plaintiff requested that defendant revisit confidentiality designations for all e-mails it produced. Pl.'s Reply, Ex. 3. Plaintiff sent a letter dated May 24, 2005, asking defendant to review and re-designate numerous documents. Plaintiff then filed this motion on June 2, 2005. The Protective Order sets forth procedures for the parties to challenge confidentiality designations. To remove or change the designation of a particular document, the party must first place a request in writing to the other party. When a party refuses to remove or change a challenged designation and the dispute cannot be resolved between the two parties, the party challenging the designation may request the court for an order to remove or change the designation.

The Court instructs defendant to review the confidentiality designations of e-mails and documents as requested in plaintiff's January 2005 and May 2005 letters. After review of the designations, the parties should meet and confer to resolve any disputes. If unresolved disputes remain after the parties have met and conferred, the challenging party may submit a motion to the Court to remove or change a designation.

**3.     E-mail attachments**

After plaintiff's initial request for e-mail documents, plaintiff argues that defendant produced numerous e-mails but none of the attachments. After an exchange of letters, see Pl.'s Reply, Ex. 3-5, plaintiff contends that defendant produced a small box of documents with no explanation of how the documents matched up with the original e-mails produced. Defendant states that plaintiff's request for the e-mail attachments pre-dates defendant's change of counsel, and that previous counsel has already reviewed defendant's e-mails and produced the missing attachments referenced in those e-mails. Ramsey Decl. ¶¶ 3-5. Subsequently, defendant's new counsel searched for and produced new copies of e-mails and attachments that plaintiff identified. Lambert Decl., Ex. I.

The Court instructs defendant to provide the attachments for e-mails produced and identify which attachments belong to each e-mail. If defendant has already done so, it should submit a sworn statement to

that effect.

### 4. Board of Directors documents

Plaintiff argues that defendant has only produce two sets of Board meeting minutes relating to Encompass or the present litigation, and is suspicious there are more documents. Defendant contends that it has searched the Board meeting minutes, found, and produced entries referencing Encompass or the present lawsuit. Hu Decl. ¶¶ 3-4.

The Court instructs defendant to searched the Board meeting minutes and produce all documents relating to Encompass or the present litigation. If defendant has already done so, it should submit a sworn statement to that effect.

### 5. Legal opinions and related documents

Defendant initially produced an opinion from Peter Harvey, of Harvey, Siskind & Jacobs LLP, on March 11, 2003, concerning the introduction of the Encompass. On May 2, 2005, plaintiff served Harvey, Siskind & Jacobs LLP a document subpoena, and it promptly produced a second legal opinion dated June 30, 2003. Pl.'s Mot., Ex. G. Plaintiff argues that defendant has not produced any documents from defendant's files relating to the legal opinions. Defendant states that Harvey's entire file has been produced to plaintiff in response to the subpoena. Defendant's letter dated April 15, 2005, states that it is addressing the issue of documents relating to Harvey's opinion letter. Lamb. Decl., Ex. A.

The Court instructs defendant to search for and produce files relating to legal opinions concerning Encompass. If defendant has already done so, it should submit a sworn statement to that effect.

### 6. Madsen's compensation

Plaintiff contends that Madsen's compensation is relevant to the claimed falsity of defendant's advertisement asserting that Madsen joined defendant because of Encompass. Defendant argues that Madsen's testimony has already provided information on the structure and components of his compensation package and he has produced supporting documents. Defendant contends that Madsen's salary is "based largely on sales

commissions" and therefore, is consistent with him joining defendant due to his belief in the Encompass product. Def.'s Opp'n at 4.

The California Supreme Court has clearly held that the right of privacy extends to one's financial records. Valley Bank of Nev. v. Superior Court, 15 Cal. 3d 652, 656 (1975); Moskowitz v. Superior Court, 137 Cal. App. 3d 313, 315 (1982). However, the right of privacy must be balanced against the interests of the public for discovery in litigation. Moskowitz, 137 Cal. App. 3d at 316. "In addressing the plaintiff's interest in obtaining such information, the court begins by noting that relevancy requirements with respect to discovery matters are to be broadly construed." Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 552 (E.D. Cal. 1990); see N.L.R.B. v. Local Union 497, 795 F.2d 836, 838 (9th Cir. 1986).

When asked to reveal his income at the deposition, Madsen himself testified that his compensation "does have relevance to the case, but [he doesn't] want to [reveal it]." Lambert Decl., Ex. K. Furthermore, defendant's vague assertion that Madsen's salary is based largely on sales commission is insufficient. This Court finds that Madsen's compensation is relevant to plaintiff's claim about defendant's advertisement.

This Court ORDERS defendant to comply with plaintiff's request to produce documents sufficient to show Madsen's compensation since his employment. Defendant is reminded this information may be produced under the Protective Order.

**7.   Witness coaching**

Plaintiff claims that review of the Madsen Deposition Transcript reveals inconsistencies in the testimony and alleges that Madsen was coached by defendant's counsel to change his testimony. See Madsen Dep. Tr. at 89-90, 190. Defendant argues that plaintiff never made any objections to the actions of its counsel at the depositions.

The Court does not find reason at this time to instruct defendant on coaching its witness. Plaintiff's motion is DENIED.

**8.   Interrogatories**

Plaintiff served defendant with a set of interrogatories on May 16, 2005. In its response, defendant asserted that the number of interrogatories exceeded the twenty-five allowed by Federal Rule of Civil

4

Procedure 33(a) because several of the interrogatories are compound and based on separate and distinct factual allegations.[2] If counted separately, there are thirty-seven total interrogatories. Plaintiff argues that the interrogatories are not compound and simply track defendant's affirmative defenses.

Rule 33(a) provides in part: "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts. . ." In Safeco of America v. Rawstron, the court held that a subpart should be counted as the same interrogatory when it is "logically or factually subsumed within and necessarily related to the primary question." 181 F.R.D. 441, 445 (C.D. Cal. 1998).

In this case, several of the interrogatories ask defendant to "describe in detail the factual basis" upon which defendant alleges a particular affirmative defense for each of plaintiff's claims in its Second Amended Complaint.[3] Pl.'s Mot., Ex. I.[4] Looking at the complaint, each claim does list a set of facts to which it pertains. However, each claim also relies on several of the same facts laid out in the complaint. Moreover, the interrogatories do track defendant's affirmative defenses. After reviewing of the interrogatories, the Court finds that 7-11 and 16-18 are not compound and that plaintiff has not exceeded the Rule 33(a) limit.

The Court instructs defendant to serve to respond to the remaining interrogatories it has not answered in plaintiff's Second Set of Interrogatories.

---

[2] Specifically, defendant objected to plaintiff's Interrogatory Nos. 7-11 and 16-18 as compound. Pl.'s Mot., Ex. I.

[3] The four claims in the Second Amended Complaint are: (1) federal unfair competition, (2) false advertisement, (3) copyright infringement, and (4) California unfair competition.

[4] For example: Interrogatory No. 7: "Describe in detail the factual basis upon which Ellie Mae alleges as to each Claim in Calyx's [complaint] that Calyx's request for relief is precluded, in whole or in part, under the doctrine of unclean hands." Interrogatory No. 8: "Describe in detail the factual basis upon which Ellie Mae alleges as to each Claim in Calyx's [complaint] that Caylx is barred from asserting the claims by the doctrine of laches due to Calyx's failure to diligently and timely pursue its claims, if any, it had against Ellie Mae." Interrogatory No. 9: "Describe in detail the factual basis upon which Ellie Mae alleges as to each Claim in Calyx's [complaint] that Calyx, by its acts and omissions . . . has waived its right to complain of Ellie Mae's alleged conduct and/or assert any of the claims set forth in the Amended Complaint."

5

**9.     Fees, expenses, and sanctions.**

The Court DENIES plaintiff's motion for fees, expenses and sanctions.

**10.    Summary.**

The Court instructs defendant to **comply with this order on or before September 26, 2005.**

**IT IS SO ORDERED.**

Dated: September 9, 2005

SUSAN ILLSTON
United States District Judge